Filed 10/7/14  P. v. Lopez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064885 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS258962) |
| KARLA MARIA LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Alvin E. Green, Jr., Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

Karla Maria Lopez was charged in an information and pled guilty to two felony counts:  (1) driving under the influence of alcohol, with admissions of a 0.15 percent or more blood alcohol concentration and three separate driving under the influence

violations within 10 years (count 1, Veh. Code,[1] §§ 23152, subd. (a), 23626, 23550, subd. (a), 23578); and (2) driving while having a measurable blood alcohol level with admissions as set forth in count 1 (count 2, § 23152, subd. (b)). She also pled guilty to two misdemeanor counts: (1) hit-and-run driving (count 3, § 20002, subd. (a)); and (2) driving with a suspended license (count 4, § 14601.2, subd. (a)).

For count 1, the court sentenced appellant to a two-year middle term in prison, but suspended execution of the sentence. The court granted five years of formal probation, including 270 days in custody that could be served in work furlough. The court stayed the sentence for count 2. (Pen. Code, § 654.) As to the two misdemeanor counts, the court denied probation and sentenced appellant to time served in custody. The court also imposed various fines and ordered restitution to the victim of the hit and run.

### FACTUAL BACKGROUND

On August 11, 2012, at about 1:30 p.m. appellant was observed by a fellow driver on Olympic Parkway in Chula Vista driving "really, really fast," "fishtailing" and swerving back and forth across the white lines dividing separate lanes of traffic. Appellant then side-swiped another car and maneuvered her car to the side of the road. When the driver who had been hit pulled up behind appellant, she drove away. The driver called 911 and relayed the appellant's license plate number. A few hours later the police located appellant and arrested her. At about 4:15 p.m., a breathalyzer test

---

[1] Subsequent unspecified statutory references are to the Vehicle Code.

measured appellant's blood alcohol content at 0.179 and 0.176.  A certified copy of appellant's Department of Motor Vehicles record reflected three prior convictions for driving under the influence and that her driving privileges had been suspended.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal but asks that this court review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738.[2]  We granted Lopez permission to file a brief on her own behalf and she has not responded.

A review of the record pursuant to *People v. Wende, supra*, 25 Cal. 3d 436 and *Anders v. California, supra*, 386 U.S. 738, has disclosed no reasonably arguable appellate issue.  Competent counsel has represented Lopez on this appeal.

---

[2]  On April 29, 2014, appellate counsel wrote a letter to the superior court asking the court to correct a clerical error in the probation order.  Counsel correctly points out that the probation order is inaccurate because it reflects that the court suspended imposition of sentence, when, in fact, the transcript of the sentencing hearing clearly reflects that the court imposed a prison sentence of two years, but suspended execution of that sentence pending successful completion of probation.  We presume the court has corrected this clerical error.

3

DISPOSITION

The judgment is affirmed.

                                                        HALLER, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.